J-S12024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES CLARK | : | |
| | : | |
| Appellant | : | No. 1391 EDA 2020 |

Appeal from the PCRA Order Entered June 22, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0001151-2009

BEFORE:  LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                **FILED AUGUST 10, 2021**

Appellant James Clark appeals from the order dismissing his Post Conviction Relief Act (PCRA) petition challenging the application of the increased term of sex offender registration under the former version of the Sexual Offender Registration and Notification Act.[1]  Appellant's counsel has

---

[1] 42 Pa.C.S. §§ 9799.10-9799.42 (subsequently amended eff. Feb. 2018) (SORNA I).  We note that at the time of Appellant's conviction, Act 152, or Megan's Law III, **see** 2004, Nov. 24, P.L. 1243, No. 152, governed Appellant's sex offender registration requirements.  Thereafter, SORNA I took effect in December 2012.  On December 16, 2013, our Supreme Court held that Act 152 was unconstitutional for violating the single-subject rule. **Commonwealth v. Neiman**, 84 A.3d 603, 616 (Pa. 2013).  On July 17, 2017, our Supreme Court decided **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (plurality), and held that SORNA I was punitive and violated the constitutional prohibitions against *ex post facto* laws when applied to a defendant who committed a sexual offense before December 20, 2012, the effective date of SORNA I.  **See Muniz**, 164 A.3d at 1223; **see also Commonwealth v. Lippincott**, 208 A.3d 143, 150-54 (Pa. Super. 2019) (*en banc*).
(Footnote Continued Next Page)

filed a petition to withdraw and an **Anders**[2] brief.  For the reasons that follow,

we affirm the order and grant counsel's petition to withdraw.

Briefly, on January 12, 2010, Appellant entered a negotiated guilty plea

to two counts of sexual abuse of children and one count of criminal use of

communication facility,[3] and the trial court imposed the agreed-upon sentence

---

We add that in response to **Muniz**, the General Assembly amended SORNA I. **See** 2018, Feb. 21, P.L. 27, No. 10 (Act 10) (SORNA II); **see also** 2018, June 12, P.L. 140, No. 29 (Act 29).  SORNA II divides sex offender registrants into two distinct subchapters—Subchapter H, which includes individuals who were convicted of a sexually violent offense that occurred on or after December 20, 2012, and Subchapter I, which includes individuals who were convicted of a sexually violent offense that occurred "on or after April 22, 1996, but before December 20, 2012," or who were required to register under a former sexual offender registration law on or after April 22, 1996, but before December 20, 2012, and whose registration requirements had not yet expired.  **See** 42 Pa.C.S. §§ 9799.11(c), 9799.52.

[2] **Anders v. California**, 386 U.S. 738 (1967).

[3] 18 Pa.C.S. §§ 6312(d) and 7512(a), respectively.

We note that the record at the time of Appellant's plea indicates that the trial court and counsel were uncertain as to whether Appellant would be subject to a ten-year or life registration period due to Appellant's convictions for the two counts of sexual abuse of children in this case.  **See** N.T., 1/12/10, at 6-9. Appellant's trial counsel stated that Appellant did not intend to withdraw his plea even if the Pennsylvania State Police later determined that he was subject to a life registration period.  **Id.** at 10.

Our Supreme Court has since held that the provisions in SORNA I and prior versions of Megan's Law reflect a recidivist philosophy and require that a lifetime registration period for "two or more convictions" involve "an act, a conviction, and a subsequent act . . . ." **See A.S. v. Pennsylvania State Police**, 143 A.3d 896, 897-98, 908 (Pa. 2016); **see also Commonwealth v. Lutz-Morrison**, 143 A.3d 891, 895 (Pa. 2016).  Put differently, our Supreme Court held that a lifetime registration period did not apply based on multiple

*(Footnote Continued Next Page)*

of eleven-and-one-half to twenty-three month's imprisonment and a consecutive seven years of probation. Appellant signed a written addendum to his guilty plea colloquy and a "Sexually Violent Offenders Notification at Sentencing" form that summarized his sex offender registration obligations. Appellant did not file post-sentence motions, nor did he take a direct appeal.

Appellant filed a *pro se* PCRA petition, his first, on February 21, 2019, asserting that he "signed a plea deal for [ten] years [Megan's Law registration,] it is now [ten] years later[, and] now it is [twenty-five] years, which is incorrect." PCRA Pet., 2/21/19, at 3. Appellant claimed that his registration period should be ten years and that he was no longer required to register. *Id.*

The PCRA court appointed counsel to represent Appellant, and counsel filed an amended petition on July 1, 2019. In his amended PCRA petition,

_____

offenses committed in a single criminal prosecution. Although *A.S.* and *Lutz-Morrison* did not address Megan's Law III specifically, Megan's Law III contained the same "two or more convictions" language discussed in those cases. *See* 42 Pa.C.S. § 9795.1(b)(1) (expired 2012) (setting a lifetime registration requirement for "an individual with two or more convictions of any of the offenses [subject to a ten-year registration period]"). Moreover, Subchapter I continues to use the same language, *see* 42 Pa.C.S. § 9799.55(b)(1), and the parties and the PCRA court here do not dispute that the ten-year registration period applies. *See Anders* Brief at 7; Commonwealth's Brief at 13; PCRA Ct. Op., 12/7/20, at 4.

Lastly, we note the face sheet of the guilty plea transcript states that the hearing occurred on January 1, 2010, but there is no dispute that the hearing occurred on January 12, 2010. Therefore, we cite to the guilty plea hearing using the January 12, 2010 date.

Appellant claimed: (1) "[i]t was . . . negotiated between the Commonwealth and [Appellant] that he was to be subject to ten (10) year registration requirement under Megan's Law[;]" (2) "[i]n fact, [Appellant] is subject to a longer registration requirement than the ten (10) years he negotiated for[;]" and (3) "[i]f [Appellant] had known about the extended registration requirement, he would not have entered in the [g]uilty plea . . . ." Am. PCRA Pet., 7/1/19, at 1-2 (unpaginated). Notably, Appellant did not raise a claim of ineffective assistance of counsel in his amended petition.

The Commonwealth filed an answer on October 3, 2019, requesting that the PCRA court dismiss the petition as meritless. Answer to Request for PCRA Relief/Mot. to Dismiss, 10/3/19, at 3. Specifically, the Commonwealth asserted that Appellant "will not be subject to the SORNA [I] that was contested in [*Muniz*]" and that "any prior application of SORNA [I] has already been corrected." *Id.* at 2. According to the Commonwealth, Appellant is subject to a ten-year registration requirement and "will not be required to register for a lengthier period of time under SORNA II [and] has not been subjected to . . . more onerous registration requirements."[4] *Id.* at 2-3. For those reasons, the Commonwealth concluded that Appellant could not assert a breach of the benefit of his plea agreement or an *ex post facto* violation. *Id.* at 3.

---

[4] The Commonwealth attached to its answer a printout from the Megan's Law website dated October 2, 2019. The page lists Appellant as a ten-year "offender type." Attach. to Answer to Request for PCRA Relief/Mot. to Dismiss.

On October 3, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant did not file a response,[5] and the PCRA court dismissed Appellant's petition on June 22, 2020.

Appellant timely appealed on July 21, 2020. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. In its Rule 1925(a) opinion, the PCRA court stated that Appellant timely filed his PCRA petition, but that his claims were frivolous because Appellant was aware that he would be subject to sex offender registration requirements and a ten-year registration period.

As noted above, Appellant's counsel has filed a motion to withdraw from representation in this Court asserting that an appeal is frivolous and an accompanying **Anders** brief.

Before addressing the matters raised in counsel's brief, we first consider counsel's request to withdraw. In so doing, we are mindful that our Supreme Court, in **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020), declined "to find the PCRA, or any other procedural mechanism, is the exclusive method for challenging sexual offender registration statutes . . . ." **Lacombe**, 234 A.3d at 618. Moreover, the **Lacombe** Court specifically rejected the application of the PCRA time bar to claims challenging changes to sex offender

---

[5] While counseled, Appellant sent a *pro se* letter dated April 28, 2020 to the PCRA court essentially asking how his ten-year registration period was still in effect when it began on February 16, 2010.

registration laws.  *See id.* at 617-18; *see also Commonwealth v. Smith*, 240 A.3d 654, 658 (Pa. Super. 2020).

Generally, this Court has recognized two procedures for counsel to seek withdrawal during an appeal—the **Anders**/**Santiago**[6] procedures applicable in a direct appeal, and the **Turner**/**Finley**[7] procedures applicable in a PCRA appeal.  **See Commonwealth v. Wrecks**, 931 A.2d 717, 720-22 (Pa. Super. 2007).  The **Anders**/**Santiago** and the **Turner**/**Finley** procedures both require counsel "to examine the record, present issues, and request permission to withdraw."  **Id.** at 721.  Additionally, both procedures require that counsel notify his client of his intent to withdraw, provide a copy of his brief or letter, and advise the client of his right to proceed in an appeal *pro se* or with privately retained counsel.  **See Commonwealth v. Muzzy**, 141 A.3d 509, 511 (Pa. Super. 2016) (discussing **Turner**/**Finley**); **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (discussing **Anders**/**Santiago**).

This Court has held that the **Anders**/**Santiago** standard to determine whether an appeal is frivolous is more stringent and provides greater

---

[6] **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  As this Court noted in **Commonwealth v. Daniels**, 999 A.2d 590 (Pa. Super. 2010), **Santiago** altered the **Anders** requirements for withdrawal and requires that counsel "provide the reasons for concluding the appeal is frivolous."  **Daniels**, 999 A.2d at 593.  Before **Santiago**, counsel seeking to withdraw was required to "not argue against the client's interests."  **See Wrecks**, 931 A.2d at 722.

[7] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

protection to a defendant than the *Turner*/*Finley* standard based on lack of merit. *Wrecks*, 931 A.2d at 722. The increased protections afforded by *Anders*/*Santiago* reflect the constitutional right to counsel in a direct appeal. *See id.* It is well-settled that because of the greater protections afforded by *Anders*, this Court "may accept an *Anders* brief in lieu of a *Turner*/*Finley* letter." *Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004); *accord Commonwealth v. Reed*, 107 A.3d 137, 139 n.5 (Pa. Super. 2014).

Instantly, counsel was appointed as Appellant's counsel for his first PCRA petition. Accordingly, we review counsel's petition to withdraw and *Anders* brief as follows:

> [c]ounsel petitioning to withdraw from PCRA representation must proceed under [*Turner* and *Finley*] and must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Muzzy*, 141 A.3d at 510-11 (citations omitted and formatting altered).

Instantly, counsel has filed a petition to withdraw asserting that he thoroughly reviewed the case, believed an appeal was wholly frivolous, notified Appellant of his intent to withdraw, and provided a copy of his brief. Counsel attached to his petition a copy of his letter to Appellant, which informed Appellant of his right to proceed *pro se* or with private counsel. Appellant did not file a response *pro se* or through private counsel.

Counsel's brief summarizes the relevant record and explains why Appellant's claim that he is subject to a longer term of registration than at the time of his plea lacked merit. **Anders** Brief at 7-10. Therefore, counsel has substantially complied with the technical requirements for withdrawal by explaining why Appellant's intended issue lacked merit.[8]

We address first counsel's analysis of Appellant's claim that he is subject to a longer period of registration than at the time of his plea. **See Anders** Brief at 7-10. Counsel notes that SORNA I no longer applies to Appellant and that under SORNA II, he will be subject to a ten-year registration period, which is the same registration period agreed to at the time of his plea. **Id.** at 7-8.

Appellant's issue concerns a review of the relevant statutes, which implicates a question of law. Therefore, our standard of review is *de novo*,

---

[8] Counsel independently raised what he called an issue of arguable merit without explaining why it was meritless. **See Anders** Brief at 10. Counsel's failure to explain why the issue is meritless violates the requirements of **Turner/Finley** and **Santiago**. **See Wrecks**, 931 A.2d at 722. In any event, as discussed below, the issue identified by counsel, specifically, the effectiveness of Appellant's counsel at the time of the plea, is not cognizable in this appeal because it was not preserved before the PCRA court.

and our scope of review is plenary. ***Lutz-Morrison***, 143 A.3d at 894. We reiterate that Appellant's claim based on the changes in the sex offender registration law is not subject to the PCRA time bar. ***See Lacombe***, 234 A.3d at 618.

Instantly, our review reveals that at the time of Appellant's plea, Megan's Law III required Appellant to register as a sex offender for a period of ten years for his sexual abuse of children convictions. ***See*** 42 Pa.C.S. § 9795.1(a)(1) (expired 2012). In 2012, SORNA I took effect and listed Appellant's sex offenses as Tier I offenses requiring him to register for fifteen years. ***See*** 42 Pa.C.S. §§ 9799.14(b)(9), 9799.15(a)(1) (subsequently amended 2018). However, ***Muniz*** then found SORNA I unconstitutional for retroactively imposing a punishment, and in response, the General Assembly passed SORNA II, creating Subchapter I, which applied to Appellant based on the child pornography found on his computer in 2008. ***See*** 42 Pa.C.S. §§ 9799.55(a)(1)(i)(A) (requiring ten-year registration for individuals convicted of the offense of sexual abuse of children committed "on or after April 22, 1996, but before December 20, 2012").

For these reasons, we agree with counsel's assessment that Appellant's intended challenge based on an increased period of registration lacks merit. Essentially, Appellant's claim that SORNA I increased his period of registration

lacks merit due to the changes in the relevant statutes. Accordingly, no relief is due.[9]

To the extent counsel identified an issue based on the effectiveness of counsel at the time of Appellant's plea, we cannot address it in this appeal because Appellant's amended PCRA petition did not plead a claim of ineffective assistance of counsel. *See* Pa.R.A.P. 302(a). Because this issue was not preserved before the PCRA court, it is waived, and we will not address it for the first time on appeal. *See Commonwealth v. Reid*, 99 A.3d 470, 496 (Pa. 2014).

Order affirmed. Petition to withdraw granted.

_____

[9] Appellant did not claim that Subchapter I was punitive or that he was subject to a more stringent registration, notification, or verification provision. Rather, as noted above, Appellant challenged only the length of his registration period.

We add that Appellant attempted to raise claims that his ten-year registration period should have ended. As noted by the Commonwealth, Appellant is serving a sentence of imprisonment in a different case, Commonwealth's Brief at 13, and the record shows that the trial court also previously revoked Appellant's probation and imposed new sentences of incarceration for his probation violation in the instant case, most recently, a new sentence of one to five years' imprisonment imposed on March 3, 2015. According to the Commonwealth, Appellant's incarceration tolls the sex offender registration period. *See id.*; *see also* 42 Pa.C.S. §§ 9799.54(a), 9799.56(a)(3). However, we decline to consider that issue because it was not properly raised in the PCRA court and because the issue appears to concern the Pennsylvania State Police's authority to administer SORNA II and interpret the tolling provisions of a sex offender registration requirement when an offender is incarcerated. *See generally A.S.*, 143 A.3d at 898-99.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/2021